Our final case for argument this morning is Pickett v. Chicago Transit Authority Mr. Hurley Thank you and may it please the court. My name is Matt Hurley and I'm here on behalf of the plaintiff appellant Lawrence Pickett. Mr. Pickett's appeal centers around two primary issues. First, the district court's failure to properly evaluate Mr. Pickett's motion for recruitment of counsel under the mandatory factors laid out by this court in Pruitt. And second, the district court's error in granting summary judgment to the CTA on Mr. Pickett's age discrimination claims stemming from his removal from light duty. Mr. Hurley, after Mr. Pickett's initial request for counsel, why didn't he ask for counsel other times? Your Honor, the district court's order merely of June 6th merely stated that his request for counsel was denied at this time. That gives no notice of the onus being on the pro It gives basically no information at all as to what to do next. It is not in the record why Mr. Pickett did not re-raise his motion. But I think the, we think the lack of notice given by this denial would likely suffice as an explanation. So in the other cases from this court with regard to requests for counsel, it's routine that the plaintiff is making numerous requests. The Pruitt case, the en banc decision from 2007 which is, sets a lot of our law in this area, I think Mr. Pruitt requested four times. Any further information why Mr. Pickett didn't during the course of the litigation raise this request again? In those other cases, the district court affirmatively denied and provided explanations for its denial. Here, it was a one-line statement of Mr. Pickett's request for recruitment of counsel is denied at this time. It gives no indication. That sounds like an invitation to apply at another time, doesn't it? If the district court's intention was for Mr. Pickett to re-raise his motion, the order would have so stated. Well, what do you think the words at this time mean? At this time could mean that the judge is reserving judgment to take it upon himself or to wait until- Could be. I have a deeper question about this, which is, why should judges recruit lawyers for people under fee-shifting statutes? The ADEA provides that the winner recovers attorney's We haven't observed a shortfall of people willing to represent plaintiffs under fee-shifting statutes. I can imagine something going wrong, but your client has not explained why a fee-shifting statute wouldn't be adequate inducement in this case. Indeed, your client has never even claimed that he asked any lawyer to represent him. Your Honor, in his filing attached to his motion for recruitment of counsel, he listed four attorneys that he contacted and he said they wouldn't take his case. That is in the record. If the issue here is that the judge did not think his efforts were adequate,  the question I'm asking is, why should judges go out of their way to recruit lawyers for people when they have the benefit of a fee-shifting statute? The problem in 1983 prisoner litigation, where cases like Pruitt come from, is that Congress has provided that lawyers actually don't get paid. People who are not prisoners who are under 1983 can take advantage of 1988. Prisoners can't. There's a very serious problem with prisoners getting representation. We haven't observed a problem with people who want to raise age discrimination claims getting representation. Why couldn't we just leave this to the fee-shifting statute? Your Honor, if that analysis would preclude any pro se plaintiff from a motion for recruitment of counsel under a fee-shifting statute? Yes. What would be wrong with that? Here, there is a mandatory legal test that has been laid out by this. There's nothing mandatory about the legal test. We were trying to articulate a sensible way to go about things. It wasn't designed for ADEA cases. Maybe it should have been. Maybe it could be. But I'm just asking why? Put to one side whether this is an open question or not. Your Honor, there is always the chance that a possible attorney that he or she approached that their claims were viable enough to justify potential representation based off of a contingency fee or fee-shifting. At least thus far, without any bar to those sorts of requests, Mr. Pickett had no reason to know that under such a statute, I mean, there is no guidance in the circuit's precedent that a fee-shifting statute would preclude appointment of counsel. I don't understand that argument. I mean, he doesn't have to know about that because he needs to be able to show even under Pruitt that he couldn't find an attorney. Mr. Easterbrook's point is a plaintiff with a meritorious claim should be able to find an attorney willing to take the chance in a fee-shifting situation. There's also the other provision of 1915 that would allow the screening function of any meritless claims by a pro se plaintiff seeking recruitment of counsel or a waiver of fees in proceeding in form of operas. There are alternative paths available. And here, and under McCaw, the failure to address the Pruitt factors and really just give a boilerplate language a methodological lapse constitutes an abuse of discretion if it prejudices the pro se plaintiff to proceed without a recruited counsel. If there are no further questions, I would like to reserve the remainder of my time for rebuttal. You don't want to address the merits at all? I will proceed. We're not requiring you to do anything. I'm just asking if you really don't want to address the merits. The fundamental indicia of Mr. Pickett's is the fact that the district court granted summary judgment to CTA on his age discrimination claim stemming from his removal from light duty without acknowledging that claim at all. The district court did not list his removal from light duty as an adverse action under his age discrimination claim. I must say, I don't see that. He was never properly in the light duty program. He just showed up one day, and the people who were in charge didn't know his circumstances, and as soon as they found out, they said, this is a bureaucracy. You fill out paperwork. That doesn't sound like a violation of the ADEA. There's at least some doubt, as we raised in our reply brief, regarding his eligibility for light duty. Second, that issue is that he had no eligibility for light duty because he hadn't filled out the paperwork required to be eligible for it. Whatever the problem this man faced in getting a lawyer at the time of the district court, he has a lawyer now. One thing you could be saying is, if he had a lawyer in the district court, he could have made the following line of argument, or even with the benefit of counsel, he hasn't been able to show that he qualified for the light duty program because he never filed an application. Removal of a benefit that one may or may not be entitled to may still be prejudicial or unlawful discrimination if that removal was based upon his being a member of the protected class. And is that what his claim boils down to? His removal from light duty occurred whereas other individuals on light duty who were conspicuously younger were not. But who also had conspicuously filed their paperwork. There's no evidence in the record that they were fully eligible. Is there any evidence that they had not? No, Your Honor. I would like to reserve the remaining 15 seconds. Certainly. That seems to be the norm this morning. Mr. Metrovic. Good morning, Your Honors. And may it please the Court. I am Irina Dmitrieva on behalf of the Chicago Transit Authority. Your Honors, we ask that the judgment of the district court be affirmed. The district court properly denied Mr. Pickett's motion for pro bono attorney representation. At the outset of the litigation. Because Mr. Pickett failed to file a complete and correct financial affidavit. And also Mr. Pickett failed to establish a prima facie case of age discrimination. And therefore summary judgment was properly entered in the CTA's favor on that claim. As an initial matter, Mr. Pickett does not dispute that the financial affidavit he filed with the district court at the outset of the case was not complete and correct. The district court issued an order asking Mr. Pickett to file a corrected affidavit within two weeks. Taking his motion for attorney representation under advisement pending the filing of the corrected affidavit. Mr. Pickett did not file a corrected affidavit. And thus district court did not have information upon which to make a finding that Mr. Pickett was indigent and thus unable to afford counsel at that time. Absent this threshold determination of inability to afford counsel, the district court under 1915 had no discretion whatsoever to appoint counsel for Mr. Pickett. In any event, there was no prejudice because it is unlikely that the presence of counsel would have made a difference in the outcome of Mr. Pickett's age discrimination claim. It is undisputed that the transitional return to work program of what Mr. Pickett refers to as light duty program was designed for individuals with approved workers' compensation claims. That fact is undisputed. Mr. Pickett also does not dispute that at that time he did not have an approved workers' compensation claim. The program also is designed for individuals who have a medical certification that they can return to work in full duty in six months. And Mr. Pickett testified that he expected to remain in the program indefinitely. The garage management put him on this program at his request by mistake. He worked on it Friday, Saturday, Sunday, during which time Saturday, Sunday the headquarters are closed. On Monday, it appears from the record he himself contacted the headquarters to ask why the management cannot find him on the computer system or assign him any work. And of course that happened because he was not approved to be working on the light duty program. He was called by Deshaun Maddox to explain that he was in a different administrative area at the time, Temporary Medical Disability Area 605. He was asked to report to the leave management services the next business day so that the proper paperwork could be completed, so that request for reasonable accommodation could be completed and he could return to the situation that he desired. Mr. Pickett did not follow these instructions. And so in these circumstances, as a district judge found, there was really no per se adverse action. And as far as the individuals that Mr. Pickett identified as other individuals who were conspicuously younger on the light duty program, there is no evidence whatsoever that they were similarly situated to him. Because the only reason that CTA ever gave to Mr. Pickett, and it was, again, the claim that CTA somehow waived this argument in the summary judgment motion is absolutely incorrect because the CTA explicitly articulated in this summary judgment motion the argument that CTA denied his request to work light duty, cannot constitute an adverse employment action, as Pickett is unable to show that he was otherwise qualified or entitled to work light duty. And so there is no evidence that these other individuals, like Mr. Pickett, were not qualified to be in the light duty program, yet CTA allowed them to remain in that program. So in that sense, there is no evidence whatsoever that they were similarly situated to Mr. Pickett. And the claim that the district court somehow ignored this argument in its opinion is also incorrect. There is an extended discussion of the light duty program and Mr. Pickett's removal from it in the section dealing with his disability discrimination claim. But the disability discrimination claim and age discrimination claim, they have the same elements in requiring the evidence of adverse employment action, and the district court's discussion appears in that section. So there is no claim that somehow the district court ignored that claim. And in its opinion, the district court made it clear that throughout the process, the district court gave the process plaintiff the benefit of the doubt, overlooked procedural defects, and it scoured the record and made legal arguments for Mr. Pickett so that Mr. Pickett had a fair day in court. And so if your owners have no further questions, we ask that the judgment be affirmed. Thank you very much. Mr. Hurley, you have tried to save a little more time for rebuttal, so I will extend your time to an entire minute. I will just jump back into the primary issue, being that if the district court's problem with Mr. Pickett's motion for recruitment of counsel was based upon it being a fee-shifting statute which reflected an inadequate effort on Mr. Pickett's part, the June 6th order could have so stated. The June 6th order stated no reasons whatsoever. Furthermore, Mr. Pickett raised in response to CTA's motion to dismiss his case his age discrimination claim based on his removal from light duty, and at a minimum a point of counsel could have reminded the district court that this was a viable claim of age discrimination stemming from his removal from light duty, and it was the same claim that the district court itself recognized in denying CTA's motion to dismiss. For the foregoing reasons, we request the judgment be vacated and remanded for further proceedings. Thank you, Your Honor. Thank you very much. Mr. Hurley, Mr. Schmidt, we appreciate your willingness to accept the court's invitation and the assistance you've provided to the court as well as your client. The case is taken under advisement, and the court will be in recess. Thank you.